A92A0252, A92A0439. CARREKER v. SOUTHERN GENERAL
INSURANCE COMPANY; and vice versa.
(419 SE2d 724)

ANDREWS, Judge.

Carreker was injured in an automobile collision on May 7, 1990, while riding as a passenger in Miles' car, and incurred $3,250 in medical expenses as a result of her injuries. Miles was insured under an automobile liability insurance policy issued by Southern General Insurance Company (SGIC) providing minimum personal injury protection (PIP) coverage under OCGA § 33-34-4, and containing a $1,500

─────────────

(1990) with *Ogletree v. Navistar Intl. Transp. Corp.,* 194 Ga. App. 41 (390 SE2d 61) (1989), is inapposite here.

deductible applicable to medical expenses and lost wages as provided by OCGA § 33-34-4 (d). As an insured person entitled to PIP coverage under the policy, Carreker sued SGIC under OCGA § 33-34-6 claiming that the insurance company failed to pay $750 of the PIP benefits she was entitled to receive, and also seeking the statutory penalty, attorney fees, and punitive damages for bad faith refusal to pay the benefits. Finding no evidence of bad faith, the trial court granted SGIC's motion for summary judgment on Carreker's claim for a penalty, attorney fees and punitive damages, and Carreker appealed from this order in Case No. A92A0252. In the same order, the trial court granted Carreker's motion for summary judgment as to the $750 sought as unpaid benefits, and SGIC cross-appealed from this ruling in Case No. A92A0439.

1. We first address the cross-appeal of SGIC in Case No. A92A0439. The first impression issue raised in this case is the manner in which the deductible authorized by OCGA § 33-34-4 (d) is to be applied.

It is undisputed that Carreker sustained $3,250 in medical expenses as a result of her injuries. The first medical bill submitted to SGIC for payment of PIP benefits was in the amount of $1,795. In return for a lesser premium, the insurance policy contained a $1,500 deductible applicable to PIP coverages for medical expenses and lost wages. See OCGA § 33-34-4 (d). Applying the deductible, SGIC deducted $1,500 from the $1,795 and timely paid the remaining $295 in benefits. Thereafter, SGIC timely paid an additional $705 in PIP medical expense benefits for a total payment of $1,000.

The insurance policy provided the minimum statutory PIP coverage, so the limit for medical benefits payable under the policy was $2,500 under OCGA § 33-34-4 (a) (2) (A). SGIC contends that, as authorized by OCGA § 33-34-4 (d) and implemented in the insurance policy, the $1,500 deductible made Carreker liable for the first $1,500 in medical expenses, and reduced the coverage limit and SGIC's liability for payment of PIP medical expenses from $2,500 to $1,000. Carreker agrees the deductible makes her responsible for the first $1,500 of medical expenses incurred, but claims that after the deductible was satisfied SGIC remained responsible for payment of the entire limit of coverage for sums up to $2,500. In other words, Carreker argues that the deductible should not be subtracted from the coverage limit, but is simply a threshold amount for which the insured is responsible before the insurer's contractual obligation to pay policy benefits is triggered. Under Carreker's contentions, the $3,250 in medical expenses was reduced by the $1,500 deductible to $1,750. Since SGIC paid only $1,000 in benefits, Carreker claims an additional $750 is due.

OCGA § 33-34-4 (d) provides that: "An insurer may make the

coverages described under subparagraphs (a) (2) (A) [medical expenses] and (a) (2) (B) [lost wages] of this Code section and (a) (1) (A) and (a) (1) (B) of Code Section 33-34-5 available on a deductible basis at the option of the named insured and at a reduced price. Such a deductible shall not, however, apply to compensation . . . to any insured whose injury results in death, dismemberment, permanent blindness in one or both eyes, total and permanent paralysis, or a compound fracture of an arm or leg. Subject to the foregoing limitation, such a deductible shall apply to reduce the total benefits limits specified by subsection (c) of this Code section, except that if there exist two or more policies providing coverage under this Code section, then with respect to each such policy the benefits limits specified by subsection (c) of this Code section shall be reduced only by the amount of the deductible specified in that policy."[1]

Subsection (c) of OCGA § 33-34-4 provides that: "The total benefits required to be paid under this Code section without regard to fault as the result of any one accident shall not exceed the sum of $5,000.00 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided in Code Section 33-34-5, regardless of the number of insurers providing such benefits or the number of policies providing such coverage."

In the absence of a deductible, SGIC was responsible for a benefit limit of up to $2,500 for medical expenses under subsection (a) (2) (A) and the insurance policy. Although no specific dollar limit is placed on lost wages under subsection (a) (2) (B) lost wages and other economic loss under subsections (a) (2) (C) and (D), along with medical expenses, are component elements of the $5,000 total minimum benefits specified in subsection (c). Thus, in addition to the specific limit on medical expenses, other economic loss including lost wages is limited to a sum which when added to medical expenses not exceeding $2,500 would reach a combined limit of $5,000 in PIP benefits per insured person per accident.

The statute provides that coverage for medical expenses and coverage for lost wages may be made available on a deductible basis, and that the deductible shall be applied in a manner that "reduce[s] the total benefits limits specified by subsection (c). . . ." OCGA § 33-34-4 (d). As defined under the statute, the deductible is applied not as a threshold after which the insurer remains potentially responsible for the full limits of coverage, but as a reduction in the limits of coverage applicable under subsections (a) (2) (A) (medical expenses) and (a)

---

[1] There is no claim here that Carreker sustained an injury to which the deductible may not be applied.

(2) (B) (lost wages) as component elements of the $5,000 total benefits limit specified in subsection (c). Since all of Carreker's claim in the amount of $3,250 was for medical expenses which are limited to $2,500, the deductible applied to the first $1,500 of claims, and reduced the medical benefit limit leaving SGIC responsible for only $1,000 in payments.

We find no ambiguity in the insurance policy provisions which implemented the deduction authorized in OCGA § 33-34-4 (d). To obtain a lower premium, Carreker requested in the insurance application that the policy be issued with a $1,500 deductible applicable to basic PIP coverage. In defining the deductible applicable to PIP coverage, the insurance policy clearly provides that for a reduced premium SGIC will "reduce by $1,500.00 per accident the amount we will pay to each eligible injured person for any combination of expenses for medical expenses incurred and actually paid, or work loss suffered. . . . The deductible, if applicable shall reduce the total benefits limits for medical expenses and work loss but the deductible will not total more than $1,500.00 per eligible injured person per accident." The insurance policy was also issued with a "Private Passenger Basic PIP Deductible Endorsement" which provided that the $1,500 deductible be applied "to reduce the total benefits limits for medical expenses and work loss. . . ." and clearly indicated that the deductible reduced the limits of liability for those PIP coverages under the policy. The policy provisions were clear and consistent with the intent of the statute.

Accordingly, SGIC properly applied the $1,500 deductible, and paid the full amount of benefits for which it was liable in the sum of $1,000. The trial court erred by determining that SGIC owed $750 in additional benefits, and by granting summary judgment for that amount in favor of Carreker. The judgment in Case No. A92A0439 must be reversed.

2. In view of our holding in Division 1, the grant of summary judgment in favor of SGIC in Case No. A92A0252 on the claim for statutory penalties, attorney fees and punitive damages was proper.

*Judgment affirmed in Case No. A92A0252, and reversed in Case No. A92A0439. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1992 —
RECONSIDERATION DENIED JUNE 8, 1992 —

*W. Douglas Adams*, for appellant.

*Freeman & Hawkins, Paul M. Hawkins, Michael J. Goldman*, for appellee.