## A93A2501. SANDERS v. SAFEWAY INSURANCE COMPANY et al.
### (437 SE2d 831)

JOHNSON, Judge.

Alan Dean Sanders was injured in a car accident and incurred medical expenses of $17,000. His insurance policy, issued by Safeway Insurance Company of Georgia, provided the minimum personal injury protection of $2,500 allowed under OCGA § 33-34-4. The policy also contained a $1,500 deductible as provided by OCGA § 33-34-4 (d). Upon Sanders' application for medical benefits under the policy, Safeway subtracted the $1,500 deductible from the total requested coverage of $2,500 and paid Sanders $1,000. Sanders filed the present lawsuit against Safeway, claiming that the $1,500 deductible should not have been subtracted from the coverage limit, but is simply a threshold amount for which he is responsible, after which the insurer is obligated to pay the full policy coverage of $2,500. The parties filed opposing motions for summary judgment. The trial court granted Safeway's motion and denied Sanders' motion. Sanders appeals.

The instant case is controlled by our recent decision in *Carreker v. Southern Gen. Ins. Co.*, 204 Ga. App. 478 (419 SE2d 724) (1992). In that case we held, "As defined under [OCGA § 33-34-4 (d)], the deductible is applied *not as a threshold* after which the insurer remains potentially responsible for the full limits of coverage, *but as a reduction in the limits of coverage* applicable under subsections (a) (2) (A) (medical expenses) and (a) (2) (B) (lost wages) as component elements of the $5,000 total benefits limit specified in subsection (c)." Id. at 480-481 (1). Sanders argues that this holding is not applicable to the present case because there was a contract provision in *Carreker* that is not found in the instant case. The insurance policy in *Carreker* provided "that for a reduced premium [the insurance company] will reduce by $1,500.00 per accident the amount we will pay to each eligible injured person for any combination of expenses for medical expenses incurred and actually paid, or work loss suffered." (Punctuation omitted.) Id. at 481 (1). This court found that this language unambiguously implemented the deduction authorized by OCGA

§ 33-34-4 (d). Id.

While it is true that the policy in the instant case does not contain this exact language, Sanders initialed the portion of the current policy which provides, "I wish my policy issued with the appropriate DEDUCTIBLE applicable to my BASIC PERSONAL INJURY PROTECTION. I understand this deductible may apply to me and each person who is a passenger in my vehicle . . . In order to enjoy a lower rate, I request my policy be issued with BASIC PERSONAL INJURY PROTECTION deductible." (Emphasis in original.) This language plainly and unambiguously implements the deduction authorized in OCGA § 33-34-4 (d). Safeway, therefore, was authorized to reduce the limits of coverage applicable under the insurance policy by the amount of the deductible. The trial court properly granted summary judgment to Safeway and properly denied Sanders' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 3, 1993 —
RECONSIDERATION DENIED NOVEMBER 15, 1993

*Falanga, Barrow & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellant.

*Crim & Bassler, Harry W. Bassler, Terrence D. Williams*, for appellees.